UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **BRENDA A. HUTCHINS,** | § | |
| **DEWAYNE HUTCHINS, &** | § | |
| **LUCKY DOG INSTANT CREDIT, LLC,** | § | |
| | § | |
| Plaintiffs/Counter-Defendants, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 6:08-cv-00060 |
| **3 PICKWICK, LLC, A WHOLLY OWNED** | § | |
| **SUBSIDIARY OF SAGECREST II, LLC,** | § | |
| **ALSO KNOWN AS THREE** | § | |
| **PICKWICK, LLC,** | § | |
| | § | |
| Defendant/ Counter-Plaintiff. | § | |

**MEMORANDUM AND ORDER**

Pending before this Court is Defendant/Counter-Plaintiff (hereinafter "Defendant") 3 Pickwick, LLC's Motion to Vacate Default Judgment, filed on August 6, 2008. (Dkt. No. 4.) Plaintiffs/Counter-Defendants (hereinafter "Plaintiffs") Brenda A. Hutchins, DeWayne Hutchins, and Lucky Dog Instant Credit, LLC filed their Response on August 26, 2008 (Dkt. No. 12), and Defendant filed its Reply on September 5, 2008. (Dkt. No. 14.)

**Background and Procedural Facts**

In May 2007, Plaintiff Brenda Hutchins and Defendant entered into an Asset Management Agreement, which provided that Mrs. Hutchins would operate a used car dealership in Victoria, Texas, owned by Defendant and known as AA Autobrokers and/or Lucky Dog Instant Credit. (Dkt. No. 4, Exh. 2.) On June 25, 2008, Plaintiffs filed suit against Defendant for breach of contract in the 267th Judicial District Court of Victoria County, Texas in Cause No. 08-6-67421-C. (*Id.* Exh. 4.) That same day, the petition and citation were served on Brian W.

1

Rogers, Defendant's registered agent in Victoria, Texas. (*Id.*) Thus, Defendant's answer was due in state court on or before 10:00 a.m. on Monday, July 21, 2008. TEX. R. CIV. P. 99(c).

On Wednesday, July 23, 2008, Plaintiffs filed their Motion for Default Judgment. (*Id.*, Exh. 9.) That afternoon, the state court held an evidentiary hearing and entered a default judgment against Defendant in the amount of $2,766,621.90, plus attorneys fees and costs. (*Id.*, Exh. 10.) Without knowledge of this judgment, (*id.*, Exh. 1), Defendant filed its Original Answer in state court on the morning of Thursday, July 24, 2008. (*Id.*, Exh. 8.) That same day Defendant also filed its Notice of Removal to this Court and sent a copy by Federal Express overnight delivery to the State Court District Clerk. (Dkt. No. 1.) On Friday, July 25, 2008, the State Court District Clerk received the Notice of Removal. On August 1, 2008, after removing this case to this Court, Defendant filed its original counterclaim, along with an application for temporary and permanent injunctive relief. (Dkt. No. 2.) Then, on August 6, 2008, Defendant filed its Motion to Vacate Default Judgment pursuant to Rule 60(b), and alternatively, Motion for New Trial pursuant to Rule 59. (Dkt. No. 4.)

In its Motion to Vacate Default Judgment, Defendant explained why it failed to timely answer Plaintiff's complaint. According to the sworn statement of Scot Weisberg, Chief Restructuring Officer of Pickwick's parent company, Sagecrest II, LLC, Rogers notified him of the lawsuit on the day it was filed, June 25, 2008. (Dkt. No. 4, Exh. 1.) Two days later, on June 27, Weisberg forwarded a copy of the petition and citation to William S. Brody, a lawyer with the firm of Buchalter Nemer in Los Angeles, California, outside counsel to Defendant and Sagecrest. On June 30, Rogers informed Weisberg that he would be unable to represent Defendant in the litigation due to a conflict of interest. Weisberg and Brody searched for outside counsel to represent Defendant in this litigation, but these efforts were delayed by the facts that

(1) Weisberg was out of the office from July 2 through July 21 due to his wife's delivery of their first child and associated medical issues, and (2) Defendant's and its California counsel's unfamiliarity with lawyers in the Victoria area, other than Rogers.

Defendant also attached to the present Motion a Declaration by William S. Brody. (Dkt. No. 4, Exh. 5.) In his sworn statement, Brody described his numerous attempts to contact Plaintiffs' counsel, Mark Davis, to explain Defendant's difficulty in retaining local counsel and request an extension of time in order to file an answer. On Friday, July, 18, 2008, Brody attempted to contact Davis by phone. On Monday, July 21, Brody again attempted to contact Davis by phone and then faxed Davis a letter that stated in part, "3 Pickwick, LLC is requesting an extension of time to respond to the complaint for approximately 14 days . . . ." (*Id.*, Exh. 6.) On Wednesday, July 23, Brody again called Davis and left a detailed message explaining that Pickwick was finalizing retention of local counsel. Later that same day, Brody faxed Davis another letter stating, "I have not heard from you with respect to this request, and thus am assuming that plaintiffs are not taking any action with respect to the complaint at this time." (*Id.*, Ehx. 7.) Davis did not respond to any of Brody's phone calls or letters.

## Discussion

The Fifth Circuit has repeatedly announced its policy in favor of resolving cases on their merits and against the use of default judgments. *E.g., Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998) ("[D]efault judgments are disfavored."); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989) ("The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations."); *Amberg*

*v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) ("The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits. Strict enforcement of defaults has no place in the Federal Rules . . . ."); *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) ("[W]here there are no intervening equities any doubt should . . . be resolved in favor of the movant to the end of securing a trial upon the merits.").

Because entry of default judgment is such a drastic and disfavored remedy, the Federal Rules of Civil Procedure allow defaulting parties an opportunity for relief. Rule 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). "[T]he specific criteria of Rule 60(b) have generally been interpreted liberally." *Amberg*, 934 F.2d at 685 (citing 6 J. MOORE, W. TAGGART & J. WICKER, MOORE'S FEDERAL PRACTICE ¶ 55, 10[2] (2d ed. 1990)).

In the pending Motion, Defendant asserts that its failure to timely respond to Plaintiffs' complaint constitutes excusable neglect under Rule 60(b)(1). In *Pioneer Investment Services Co. v. Brunswick Associates LP*, the Supreme Court concluded that the determination of "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. 380, 395 (1993). The Court offered several factors a court should consider: the danger of prejudice; the length of delay and its potential impact on judicial proceedings; the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.* Similarly, the Fifth Circuit has directed district courts to consider the following three factors in determining

whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct. *Warfield v. Byron*, 436 F.3d 551, 556 (5th Cir. 2006); *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 938—39 (5th Cir. 1999). The Court will consider each factor in turn.

### 1. Extent of Prejudice

If the default judgment is vacated, this will merely require Plaintiffs to proceed to trial on their claims against Defendant as in any other lawsuit, which is not prejudicial. *See Warfield*, 436 F.3d at 556. Further, Plaintiffs have presented no evidence that concrete barriers such as ''loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion'' might exist as a result of vacating the default judgment and trying this case on its merits. *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Because Plaintiffs have not shown that they will be prejudiced, this factor weighs in favor or Defendant.

### 2. Merits of the Defendant's Asserted Defense

"The 'meritorious defense' component of the test for setting aside a default does not . . . require that the movant demonstrate a likelihood of success on the merits. Rather, a party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989) (citing *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir.1969) (per curiam).

In its answer and counter-claim, Defendant asserted that it is the sole owner of all assets relating to the used car dealership, and that Plaintiffs failed to turn over possession of the assets, failed to preserve the value of the assets, and converted monies and other property belonging to

5

Defendant. (Dkt. No. 4, Exhs. 8 & 11.) Defendant alleges these actions constitute breach of fiduciary duty, conversion, breach of contract, breach of bailment, and conspiracy. (*Id.*) These facts, if proven at trial, would constitute a cognizable defense. This factor also weighs in favor of Defendant.

### 3. The Culpability of Defendant's Conduct

Defendant offered the following explanation for its failure to timely answer: Rogers, Defendant's local counsel, was unable to represent Defendant in this matter due to a conflict. Defendant's efforts to retain local counsel were delayed by (1) the fact that Weisberg was out of the office for nearly three weeks due to his wife's delivery of their first child and associated medical issues, (2) the fact that both Weisberg and Defendant's California counsel were unfamiliar with any Victoria, Texas lawyers other than Rogers, and (3) the logistics associated with being on opposite coasts. (Dkt. No. 4, Exhs. 1 & 5.)

Defendant did not ignore Plaintiffs' complaint without taking action. Nor did Defendant purposefully default. Instead, Defendant made several attempts to contact Plaintiffs' counsel to explain the situation and request an extension of time, to no avail. While a better course of action for Defendant would have been to ask the state court—not Plaintiffs' counsel—for an extension of time, Defendant should not be precluded from relief. This is especially true here, where Defendant was not represented by local counsel familiar with Texas Civil Practice and Remedies Code.[1] While the Federal Rules would have required Plaintiffs to provide Defendant with written notice of their application for default judgment at least 3 days before any hearing on the motion, FED. R. CIV. P. 55(b)(2), the Texas Code contains no parallel provision.[2]

---

1. The Court recognizes that neither ignorance of the rules nor ignorance of the law is enough, without more, to constitute excusable neglect.
2. Although Defendant did not file any responsive pleadings with the state court prior to filing its untimely answer on July 29, 2008, Defendant's phone calls and letters to Plaintiffs' counsel were enough to constitute an appearance. "[T]o qualify as an appearance and trigger Rule 55(b)(2)'s notice requirements, the defendant's actions merely must

6

There is no dispute that Pickwick missed the deadline for filing its answer with the state court by three days and was technically in default. But a default judgment "'should not be granted on the claim, *without more*, that the defendant had failed to meet a procedural time requirement.'" *Lacy*, 227 F.3d at 292 (emphasis added) (quoting *Mason & Hanger—Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984)). Here, Defendant did nothing more than "fail[] to meet a procedural time requirement," and there is no evidence Defendant acted in bad faith. The Court is satisfied with Defendant's explanation for its conduct. Thus, this factor also weighs in favor of Defendant.

### 4. Other Factors

The above three factors are not "talismanic," and the Court may consider any other relevant factors to reach an equitable result. *See Rogers*, 167 F.3d at 939; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). For example, the Court may consider "whether the defendant acted expeditiously to correct the default." *Lacy*, 227 F.3d at 292 (internal quotations and citations omitted). Here, Defendant filed its Motion to Vacate on August 6, 2008, nine days after learning of the Default Judgment. Or the Court could consider the harshness of the judgment. *Lindsey*, 161 F.3d at 893. Here, Defendant faces a judgment of more than $2.7 million based solely on Plaintiffs' testimony, without the opportunity to present a defense.

After taking account of all relevant circumstances surrounding the Defendant's failure to timely respond to Plaintiffs' complaint, the Court is of the opinion that Defendant's conduct constituted excusable neglect. Therefore, the Court does not need to consider Defendant's claims under Rule 60(b)(6) or Rule 59.

---

give the plaintiff a clear indication that the defendant intends to pursue a defense and must 'be responsive to the plaintiff's formal Court action.'" *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 936—37 (5th Cir. 1999) (quoting *Baez v. S.S. Kresge Co.,* 518 F.2d 349, 350 (5th Cir.1975)).

**Conclusion**

While the decision to grant this motion is within the sound discretion of the Court, "'where denial of relief precludes examination of the full merits of the cause, even a slight abuse may justify reversal.'" *Warfield*, 436 F.3d at 555—56 (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)). After considering the parties' arguments and the applicable law, the Court is of the opinion that this case should be decided on its merits.

Accordingly, 3 Pickwick's Motion to Vacate Default Judgment is GRANTED.

SIGNED on this 17th day of September, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE