UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **BRENDA A. HUTCHINS,** § | |
| **DEWAYNE HUTCHINS, &** § | |
| **LUCKY DOG INSTANT CREDIT,** § | |
| **LLC,** § | |
| § | |
| Plaintiffs/Counter-Defendants, § | |
| § | |
| v. § | **CIVIL ACTION V-08-60** |
| § | |
| **3 PICKWICK, LLC, A WHOLLY** § | |
| **OWNED SUBSIDIARY OF** § | |
| **SAGECREST II, LLC, a/k/a** § | |
| **THREE PICKWICK, LLC,** § | |
| § | |
| Defendant/Counter-Plaintiff. § | |

**ORDER**

Before the Court is Mark A. Davis' ("Davis") Motion for Withdrawal of Counsel, seeking the Court's permission to withdraw as attorney for Plaintiffs/Counter-Defendants Brenda and Dewayne Hutchins and Lucky Dog Instant Credit ("Plaintiffs"). (Dkt. No. 27.) Defendant/Counter-Plaintiff 3 Pickwick, LLC ("Pickwick") objected to Davis' Motion for Withdrawal (Dkt. No. 35), and the next day Davis delivered a letter to the Court requesting that the Court rule on his motion. After considering the motion, objection, letter, record, and applicable law, the Court is of the opinion that Davis' motion should be **DENIED**.

**Factual and Procedural Background**

The Court has previously set forth the facts giving rise to this lawsuit as well as addressed the subsequent litigious wrangling in various orders entered herein. (*See* Dkt. Nos. 15, 23 & 30.) Unfortunately, some repetition is necessary to put the present issue in context.

1

This lawsuit arises out an Asset Management Agreement entered into in May 2007 by Brenda Hutchins and Pickwick, which provided that Mrs. Hutchins would operate a used car dealership in Victoria, Texas owned by Pickwick and known as AA Autobrokers and/or Lucky Dog Instant Credit. Plaintiffs initially filed suit against Pickwick for breach of contract on June 25, 2008 in the 267th Judicial District Court of Victoria County, Texas in Cause No. 08-6-67421-C.

The petition and citation were served on Brian W. Rogers, Pickwick's attorney and registered agent in Victoria, Texas. Shortly thereafter, Rogers withdrew as counsel for Pickwick due to a conflict of interest, as he had represented both Pickwick and Lucky Dog in a prior lawsuit involving AA Autobrokers. Pickwick's answer was due in state court on or before 10:00 a.m. on Monday, July 21, 2008, but because of its difficulty in obtaining local counsel and securing an agreement for an extension from Davis, Pickwick failed to timely file an answer.[1]

Two days later, Plaintiffs sought and were granted a default judgment against Pickwick. After removing the case to federal court the following day, Pickwick filed a Motion to Vacate Default Judgment (Dkt. No. 4), which the Court subsequently granted (Dkt. No. 15). Pickwick also filed a counterclaim against Plaintiffs as well as an application for temporary and permanent injunctive relief. (Dkt. No. 3.) In its counterclaim for breach of fiduciary duty, conversion, breach of contract, breach of bailment, and conspiracy, Pickwick asserted that it is the sole owner of all assets relating to AA Autobrokers and that Plaintiffs failed to turn over possession of the

---

1. On Friday, July, 18, 2008, William S. Brody, Pickwick's outside counsel, attempted to contact Davis by phone. On Monday, July 21, Brody again attempted to contact Davis by phone and then faxed Davis a letter that stated in part, "3 Pickwick, LLC is requesting an extension of time to respond to the complaint for approximately 14 days . . . ." On July 23, Brody again called Davis and left a detailed message explaining that Pickwick was finalizing retention of local counsel. Later that same day, Brody faxed Davis another letter stating, "I have not heard from you with respect to this request, and thus am assuming that plaintiffs are not taking any action with respect to the complaint at this time."

assets, failed to preserve the value of the assets, and converted monies and other property belonging to Pickwick.

The Court scheduled a temporary injunction hearing for the morning of October 9, 2008. (Dkt. No. 17.) On the day of the hearing, the Parties informed the Court that they had reached an agreement and tendered a copy of the Settlement Agreement, which the Court accepted. (Dkt. No. 16, Ex 1.) However, the Settlement Agreement had a short shelf life. Approximately one week later, on October 20, 2008, Pickwick filed an Emergency Motion to Enforce Settlement Agreement, or in the Alternative, for Temporary Injunctive Relief, and Motion for Sanctions, alleging that not only had Plaintiffs failed to comply with the terms of the Settlement Agreement, Davis once again refused to respond to e-mails and phone calls from Pickwick's counsel. (Dkt. No. 18.) Following a hearing on Pickwick's motion, the Court entered its Order of November 6, 2008, ordering Plaintiffs to comply with the terms of the Settlement Agreement on or before November 10, 2008. (Dkt. No. 23.)

Two weeks passed and Plaintiffs did not comply with the Settlement Agreement or the Court's Order. Thus, on November 25, 2008, Pickwick filed a Motion for Contempt and Sanctions, asking the Court to hold Plaintiffs in contempt of court for their willful violation of the Court's November 6, 2008 Order.  (Dkt. No. 24.) Pickwick further asked the Court to impose sanctions against Plaintiffs for the same conduct, including striking their pleadings and awarding Pickwick its attorneys fees and expenses. The Court held a hearing on Pickwick's motion on December 16, 2008 and subsequently entered an Order for Contempt and Awarding Sanctions. (Dkt. No. 30.) The Court found Plaintiffs in contempt of court but gave them the opportunity to purge themselves from contempt if they fully complied with the Court's November 6, 2008 Order before noon on Friday, December 19, 2008, at which time the Court would hold a status

conference with the Parties. The Court also ordered Plaintiffs to pay attorneys fees in the amount of $10,000 to Pickwick's counsel within three business days.

During the December 19, 2008 telephone conference, Davis informed the Court that he was in possession of all the documents Plaintiffs were required to turn over under the Court's November 6, 2008 Order, with the exception of Plaintiffs' tax returns, and he promised to send the documents to Pickwick's counsel via Federal Express for delivery by the following Monday. Based on Davis' representations, the Court determined that Plaintiffs had sufficiently purged themselves from contempt. Following the conference, the Court entered an Order Regarding Production of Tax Returns, which ordered the Hutchins to produce full and complete copies of their 2007 federal income tax returns no later than January 16, 2009 and ordered Lucky Dog to produce a full and complete copy of its 2007 federal income tax returns within three days of filing the same. (Dkt. No. 32.)

### Davis' Motion for Withdrawal

Now before the Court is Davis' Motion for Withdrawal of Counsel, in which Davis asks the Court for permission to withdraw as attorney for Plaintiffs "pursuant to applicable Rules of Ethics in the State of Texas." (Dkt. No. 27.) The Texas Rules of Professional Conduct ("the Rules") provide that "a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client . . . if the representation in reasonable probability will involve a violation of Rule 1.05 . . . or if it is the same or a substantially related matter." TEX. R. PROF'L CONDUCT 1.09(a)(2)—(3).[2] The Rules also provide that if a lawyer is prohibited from representing a particular client based on a conflict of interest, such prohibition is generally imputed to all lawyers associated with that lawyer. *Id.* R.

---

2. Rule 1.05 concerns the prohibition against revealing confidential or privileged information of a client or a former client. TEX. R. PROF'L CONDUCT 1.05.

1.09(b). Davis recently formed the law firm of Rogers|Davis|Hrach along with Rogers, who, as the Court noted *supra*, withdrew as counsel for Pickwick because he had represented both Pickwick and Lucky Dog in a prior lawsuit involving AA Autobrokers. Rogers may also be a fact witness in this case. Therefore, Davis contends, he must be allowed to withdraw as counsel to Plaintiffs.

However, the Rules allow a lawyer to represent a client in a matter adverse to the lawyer's former client if the former client consents to the representation. *Id.* R. 1.09(a). Here, not only has Pickwick consented to the representation and waived any alleged conflict, Pickwick actually *objects* to Davis' withdrawal. (Dkt. No. 35.) Pickwick claims that Plaintiffs still have not fully complied with the Court's Order for Contempt and Awarding Sanctions and objects to Davis' withdrawal unless and until Plaintiffs fully comply with the Order.[3] Moreover, because Lucky Dog is a Texas limited liability company and must be represented by counsel, Pickwick objects to Davis withdrawing from representing Lucky Dog unless and until substitute counsel is retained and files an appearance in this case.

The Court is satisfied that Pickwick has knowingly and voluntarily waived any potential conflict of interest and finds Pickwick's objections to have merit. Davis initiated this action to begin with and is responsible in this Court for his actions and the actions of his clients. The Court also notes that Davis has known about this conflict—a conflict Davis willingly created after he undertook representation of Plaintiffs—as early as November 4, 2008, yet failed to do

---

3. Specifically, Pickwick claims Plaintiffs failed to deliver all the assets that were turned over to them, failed to provide a full accounting of those assets, and failed to pay the $10,000 sanction awarded in Pickwick's favor.

anything for nearly a month and a half, until his clients were facing sanctions and contempt charges.[4]

## Conclusion

For the reasons stated above, Davis' Motion for Withdrawal of Counsel (Dkt. No. 27) is **DENIED.**

It is hereby **ORDERED** that Davis shall continue to represent Plaintiffs until the Court is satisfied that Plaintiffs have fully complied with the Court's Order for Contempt and Awarding Sanctions (Dkt. No. 30). Davis shall continue to represent Lucky Dog until substitute counsel is retained and files an appearance in this case.

Furthermore, because the subject matter of the present representation is so closely related to that of the prior representation, confidences obtained from Pickwick by Rogers might be useful in Davis' representation of Plaintiffs. It is therefore **ORDERED** that Davis and Rogers shall not discuss the case or share any confidential information obtained from the Parties to this litigation.

**SIGNED** this 8th day of April, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[4]. During the Court's hearing on Pickwick's Emergency Motion to Enforce Settlement Agreement, Davis informed the Court that he was in the process of forming a law partnership with Rogers and anticipated that he would be required to withdraw as counsel for Plaintiffs due to a conflict of interest. In its November 6, 2008 Order following the hearing, the Court noted that "Counsel for Plaintiffs/Counter-Defendants has indicated he will file a motion to withdraw due to a conflict. Plaintiffs/Counter-Defendants shall have 30 days from entry of the order granting withdrawal to retain new counsel." (*Id.* at 3.) Nearly a month and a half passed, however, and Davis failed to file any such motion. It wasn't until after the Court's December 16, 2008 hearing on Pickwick's Motion for Contempt and Sanctions that Davis finally filed his Motion for Withdrawal.